IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


KENNETH A. SWEENEY,               )
BRIAN R. AHL, DAVID L. KRAUS,     )
                                  )
      Plaintiffs,                 )
                                  )
      v.                          )          1:05CV00931
                                  )
PENNSYLVANIA NATIONAL MUTUAL      )
CASUALTY INSURANCE COMPANY,       )
                                  )
      Defendant.                  )


MEMORANDUM OPINION and ORDER


OSTEEN, District Judge


     Plaintiffs Kenneth A. Sweeney ("Sweeney"), Brian R. Ahl

("Ahl"), and David L. Kraus ("Kraus") (collectively,

"Plaintiffs") brought this action against Defendant Pennsylvania

National Mutual Casualty Insurance Company ("Defendant"),

alleging that Defendant violated the Age Discrimination in

Employment Act (the "ADEA"), 29 U.S.C. §§ 621 et seq.  Defendant

counterclaims that Plaintiffs violated Pennsylvania's Wiretapping

and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann.

§§ 5701 et seq.  This matter is before the court on Defendant's

motion to reconsider the court's Memorandum Opinion and Order of

July 11, 2006 (the "July 11 Opinion"), denying Defendant's motion

to transfer venue.  For the reasons stated below, the court will

grant the motion to reconsider but will deny Defendant's motion

to transfer venue.

## I.    FACTUAL BACKGROUND

Defendant is a Pennsylvania corporation in the insurance business.  Defendant has its principal place of business in Harrisburg, Pennsylvania, but it has other offices in the eastern United States, including its largest claims office in Greensboro, North Carolina.  Defendant employed the three Plaintiffs to investigate insurance fraud allegations in its Special Investigation Unit ("SIU").  Sweeney was employed to work from his home in North Carolina, Ahl, from his home and in Defendant's corporate offices, both in Pennsylvania, and Kraus, from his home in Maryland.

At a meeting in December 2004 at Defendant's corporate headquarters in Harrisburg, Pennsylvania, Defendant formally notified Plaintiffs that Defendant had decided to outsource their positions and Plaintiffs' employment would be terminated at year's end.  Kraus tape recorded portions of the meeting, and the tape recorded materials allegedly provide direct evidence of age discrimination.  Therefore, Plaintiffs claim Defendant willfully terminated them due to their age in violation of the ADEA. Defendant counterclaims that Kraus' tape recording violates Pennsylvania's wire tapping statute.

2

## II.  PROCEDURAL HISTORY

For the convenience of the parties and the witnesses, pursuant to Title 28 U.S.C. § 1404(a), Defendant moved the court to transfer venue to the Eastern District of Pennsylvania.  In the July 11 Opinion, the court denied Defendant's motion to transfer, emphasizing the court's reluctance to disturb a plaintiff's choice of forum without a proper showing.  Defendant has since moved the court to reconsider the July 11 Opinion and proceed with the transfer of venue, arguing that it is unclear from the opinion whether the court properly considered the controlling factors in rendering its decision.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that "any order . . . which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).  The court's denial of Defendant's Motion to Transfer Venue was not a final order, as it did not adjudicate the claims between the parties.  Therefore, pursuant to Rule 54(b), the court may reconsider its order denying Defendant's motion to transfer.

Defendant filed its motion pursuant to Title 28 U.S.C. § 1404(a), which provides that a district court may transfer an action "[f]or the convenience of parties and witnesses [and] in

3

the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006). In deciding whether to transfer a case, a court should consider the following factors:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (citation omitted).  The moving party bears the burden of proving that the balance of these factors weighs in favor of transfer.  Cable-La, Inc. v. Williams Commc'ns, Inc., 104 F. Supp. 2d 569, 574 (M.D.N.C. 1999) (citation omitted). "[U]nless the balance [of factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)).  Moreover, a "court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another."  Tools USA & Equip. Co.

4

<u>v. Champ Frame Straightening Equip., Inc.</u>, 841 F. Supp. 719, 721
(M.D.N.C. 1993) (citation omitted).

**IV. ANALYSIS**

    Although the court considered the <u>Plant Genetic</u> factors in
determining whether to transfer venue, the July 11 Opinion did
not expressly discuss each of the factors.  Due to the court's
brief disposition of the transfer of venue issue, the court
concludes that more discussion is warranted.  Therefore, the
court will grant Defendant's motion to reconsider and will
further discuss the factors relevant to its decision whether to
transfer venue.

    The first factor, on which the court placed the most
emphasis in the July 11 opinion, is Plaintiffs' forum choice.  It
is well settled that a plaintiff's choice of forum is given great
weight.  <u>See, e.g., Collins</u>, 748 F.2d at 921 (noting that
generally, a plaintiff's choice of forum should be disturbed only
if the factors weigh strongly in favor of transfer).  The primary
exception to this principle is that courts afford less weight to
a plaintiff's choice if none of the conduct creating the cause of
action occurred in the forum, and the forum has no connection
with the cause of action.  <u>Dicken v. United States</u>, 862 F. Supp.
91, 92-93 (D. Md. 1994); <u>cf.</u> <u>Parham v. Weave Corp.</u>, 323 F. Supp.
2d 670, 674 (M.D.N.C. 2004) ("[T]he deference given to the

5

plaintiff's choice is proportionate to the relation between the forum and the cause of action.").

Defendant argues that the exception applies in this case because it has facts similar to those in Parham, and in Parham, the plaintiff's forum choice was given less weight due to the lack of connection between the forum and the cause of action. However, Parham is distinguishable from the instant case. In Parham, although the plaintiff brought the action in the Middle District of North Carolina, the defendant company did not reside in this district, nor did the plaintiff work for the defendant company in this district. See id. at 671. The only connection the case had to this district was that the plaintiff lived here before and after working for the defendant and maintained a residence here while working out of state for the defendant. See id. at 671, 674. In the instant case, Defendant has its largest claims office in the Middle District of North Carolina, and therefore, Defendant resides in this district. Sweeney not only resides in this district, but he was employed to work for Defendant from his home when the alleged discrimination occurred. Therefore, unlike in Parham, Plaintiffs' chosen forum has a significant connection with the cause of action. Although Ahl and Kraus live in other states, they, together with Sweeney, chose North Carolina, and their choice is entitled to great deference.

6

Nevertheless, the court must balance the paramount weight afforded to Plaintiffs' forum choice against the weight of the other factors.  The next factors include the overlapping considerations of ease of access to sources of proof and both the availability of compulsory process and costs necessary to obtain witnesses.  The decision to terminate Plaintiffs' employment and the meeting at which Plaintiffs were notified of the decision occurred in Pennsylvania, and a large part of the evidence surrounding Plaintiffs' claim is in Pennsylvania.  These circumstances support a transfer of venue.  However, several other access to evidence considerations do not.  If Sweeney's job performance is an issue in the discrimination case, evidence relating to that issue will come primarily from North Carolina sources.  In that event, a transfer would simply shift the inconvenience to Plaintiffs, in which case the court would be reluctant to transfer venue.  Furthermore, because most of Defendant's witnesses will be its employees, Defendant is unlikely to need compulsory process to assure their attendance.  Moreover, Defendant is a corporation and resides in North Carolina, and, therefore, it is better able to bear the cost of transporting witnesses to North Carolina than Plaintiffs are in transporting witnesses to Pennsylvania.

Considerations of the enforceability of the judgment and viewing the premises are not applicable to this case.  The next

7

several factors require the court to consider any advantages or
obstacles to a fair trial; the practical concerns that make a
trial easier, more expeditious, and inexpensive; and the
administrative issue of court congestion.  Plaintiffs have been
preparing their case in North Carolina, and transferring to
Pennsylvania would require Plaintiffs to move their case to a
district far removed from their counsel, home in Sweeney's case,
and preparation to date.  While transferring may make the trial
less expensive and burdensome for Defendant, it would merely
shift the inconvenience to Plaintiffs.  Plaintiffs suggest that
courts are more congested in the Middle District of Pennsylvania
than in this district, and while that may be true, the figures do
not suggest that the difference is significant.

     Defendant argues that the court should have given
significant weight to an additional practical consideration.
Defendant noted in its supplemental brief and amendment in
support of its motion to transfer venue that another of
Defendant's former SIU employees filed a similar age
discrimination claim in New Jersey, and Defendant had the case
transferred to the Middle District of Pennsylvania pursuant to
§ 1404(a).[1]  Therefore, the court was aware of this information
when it entered the July 11 Opinion.  While this is a similar

---

[1] See Schomp v. Penn Nat'l Ins. Co., No. 06-1192 (M.D. Pa.
filed June 12, 2006).

case, the motion to transfer venue in the New Jersey case was unopposed. In the instant case, Plaintiffs vehemently oppose the motion. As stated, Plaintiffs' forum choice is entitled to great deference, especially because Defendant resides in this district and it is where Sweeney worked for Defendant. Finally, in addition, despite Defendant's suggestion, there is no guarantee that transferring to Pennsylvania will result in the two cases being consolidated. Therefore, although the court considered the similar case in its original decision, the other factors outweighed its significance.

As for the consideration of a district's local interest in having localized controversies settled at home, this dispute is not localized. All three Plaintiffs are from different states, and only one Plaintiff worked for Defendant in Pennsylvania. While Defendant is a Pennsylvania corporation, it resides in North Carolina, where Sweeney lives and worked for Defendant. Because each district has a significant connection to the cause of action, both districts have an interest in having the case resolved locally.

Because this is a case arising under federal question jurisdiction, the factor related to diversity cases is inapplicable. Finally, the court must try to avoid any unnecessary conflict of law problems. This case involves a claim filed pursuant to the ADEA, and that claim is governed by federal

9

law.  The counterclaim for a violation of Pennsylvania's wire

tapping statute clearly will be governed by Pennsylvania law.

Therefore, there are no choice of law issues to resolve, and the

courts in each district are equally capable of applying the

appropriate law to the claims.

     While some of the factors considered do support transfer,

the balance does not necessarily weigh in favor of Defendant's

position.  Plaintiffs' choice of forum is entitled to great

deference and should not be disturbed in a case such as this in

which the other factors do not tip the balance strongly in favor

of transfer.  If the court were to transfer venue, it would

merely shift the inconvenience to Plaintiffs, who would have to

retain counsel in Pennsylvania, move their case to another region

of the country, and provide for themselves and their North

Carolina witnesses to travel to Pennsylvania.

     Therefore, after considering the relevant factors, the court

concludes that transfer of venue to the Middle District of

Pennsylvania is not appropriate.

## V.    CONCLUSION

     For the reasons set forth above,

     IT IS ORDERED that Defendant's Motion to Reconsider the

Order Denying Motion to Transfer [20] is GRANTED.

IT IS FURTHER ORDERED that this memorandum opinion and order shall supplement section II. B. of the court's Memorandum Opinion and Order of July 11, 2006.

IT IS FURTHER ORDERED that after reconsidering the matter, Defendant's Motion to Transfer Venue [5] is denied.

This the 13th day of February 2007.

_____
United States District Judge